T.C. Summary Opinion 2002-57


UNITED STATES TAX COURT


JAMES V. & JUDITH M. PATTERSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9268-00S.               Filed May 23, 2002.


James V. Patterson, pro se.

<u>Robert E. Marum</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined deficiencies in petitioners' Federal income taxes of $4,130 and $3,934 for the taxable years 1994 and 1996, and a section 6651(a)(1) addition to tax of $161.25 for taxable year 1994.

The issue for decision is whether petitioners materially participated in the rental of a certain condominium unit during 1994 and 1996.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Schaghticoke, New York, on the date the petition was filed in this case.

During 1994, petitioner husband (petitioner) was employed as a chemical engineer, and petitioner wife was employed as a registered nurse. During 1996, petitioner retired, and petitioner wife was employed as a certified nurse midwife.

During both of the years in issue, petitioners owned a condominium unit in North Topsail Beach, North Carolina. The condominium association management company, CAM Inc., provided

---

[1]Petitioners did not address at trial the sec. 6651(a)(1) addition to tax for failure to file a timely return. We consequently consider this addition to tax to be undisputed by petitioners. However, we note that the record supports respondent's determination that the addition to tax was applicable, because petitioners' 1994 Federal income tax return was filed on a 1996 form and was signed by petitioners on January 15, 1997.

maintenance services for the building, grounds, beachfront, and pool.  A management service company known as the Kennedy Company managed the rental unit during the years in issue.  The company handled reservations, incoming and departing guests, and emergency repairs of the rental unit.  The company was also responsible for advertising the availability of the unit, negotiating leases, collecting lease payments, and providing cleaning and repair services.  Petitioners paid the company 30 percent of rental income during 1994 and 25 percent of rental income during 1996.  During 1996, the average rental period of the unit was 5.6 days.  The unit was rented on the following dates that year, with petitioners earning the specified amounts of rental income and incurring the corresponding amounts of management fees:

| Rental Period | Rental Income | Management Fees |
|---|---|---|
| 4/05-4/10 | $360 | $90.00 |
| 5/05-5/08 | 210 | 52.50 |
| 5/16-5/20 | 210 | 52.50 |
| 5/24-5/27 | 195 | 48.75 |
| 5/31-6/02 | 195 | 48.75 |
| 6/06-6/09 | 295 | 73.75 |
| 6/10-6/19 | 735 | 183.75 |
| 6/19-6/20 | 135 | 33.75 |
| 6/21-6/23 | 245 | 61.25 |
| 6/29-7/13 | 1,470 | 367.50 |
| 7/27-8/03 | 735 | 183.75 |
| 8/03-8/17 | 1,470 | 367.50 |
| 8/17-8/24 | 735 | 183.75 |
| 8/24-8/31 | 535 | 133.75 |
| 8/31-9/03 | 295 | 73.75 |

The management service company paid several expenses on behalf of petitioners during 1996.  The yearly income and expense statement

from the company listed approximately five such expenses, all of which were reimbursed by petitioners or subtracted from the rental income.

Petitioner paid the utility and mortgage bills on a monthly basis, the condominium fee on a quarterly basis, and county taxes on a yearly basis. During March and/or April of each year, in preparation for the rental season, petitioner would "de-winterize" the unit. At this time of year, petitioner would often need to do repairs, such as ceiling repair, patching, and painting, and he would normally shampoo the carpets. Around Thanksgiving each year, petitioner would spend approximately 1 week at the rental unit to prepare it for winter, when the unit was not actively rented. At this time, petitioner would normally turn off the water and power, turn down the heat, bring in outside furniture, and perform "general cleanup".

Petitioners filed a joint Federal income tax return for each of the years in issue. They claimed losses on the rental unit of $14,781 in 1994 and $14,017 in 1996. The 1994 return was filed on a 1996 form and was signed by petitioners on January 15, 1997. In the statutory notice of deficiency, respondent disallowed the above-mentioned losses on the grounds that petitioners "did not materially participate in the day to day operations" of the rental property, causing the losses to be nondeductible passive activity losses.

Section 162 allows deductions for ordinary and necessary expenses incurred in carrying on a trade or business. Section 469, however, limits the deductions for losses from any "passive activity". A passive activity is any activity involving the conduct of a trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). As a general rule, any "rental activity" is passive whether or not the taxpayer materially participates in the activity. Sec. 469(c)(2), (4). Under the regulations, the definition of rental activity does not include an activity with respect to which the average period of customer use of the property is 7 days or less. Sec. 1.469-1T(e)(3)(ii)(A), Temporary Income Tax Regs., 53 Fed. Reg. 5702 (Feb. 25, 1988). The parties agree that petitioners' rental of the condominium unit in this case falls within this exclusion, and the relevant issue is whether petitioners materially participated in the activity.

A taxpayer is treated as materially participating in an activity only if the taxpayer is involved in the operations of the activity on a regular, continuous, and substantial basis. Sec. 469(h)(1). A taxpayer can satisfy this requirement if he meets any one of seven tests found in the regulations. Sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988). One such test, the one which petitioners claim to

have met, is satisfied with respect to an individual taxpayer when:

> The individual participates in the activity for more than 100 hours during the taxable year, and such individual's participation in the activity for the taxable year is not less than the participation in the activity of any other individual (including individuals who are not owners of interests in the activity) for such year;

Sec. 1.469-5T(a)(3), Temporary Income Tax Regs., 53 Fed. Reg. 5726 (Feb 25, 1988). Generally, participation by an individual's spouse is treated as participation by the individual. Sec. 469(h)(5).

The only evidence presented regarding the amount of time petitioners participated in the rental of the condominium unit is their own general testimony. Thus, it is difficult to estimate the exact amount of time petitioners spent at the condominium, as well as what portion of this time was for business versus personal purposes. However, it appears that petitioners spent approximately 2 weeks per year at the condominium--1 week in the Spring and 1 week in the Fall. Even assuming petitioners spent a full 8 hours each weekday working on the condominium, this would amount to only 80 hours per year. The amount of time petitioner spent in paying condominium-related expenses throughout the year would have been nominal and would not have amounted to 20 hours per year. We find that petitioners did not participate in the activity for more than 100 hours in either of the years in issue.

Thus, we need not address whether the participation of other individuals was greater than that of petitioners.

We sustain respondent's determination that the rental of the condominium was a passive activity subject to the limitations of section 469.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.